NOTICE

Decision filed 03/16/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 200205-U

NO. 5-20-0205

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 94-CF-611 |
| | ) | |
| KEITH BUCKLES, | ) | Honorable |
| | ) | Janet R. Heflin, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE WELCH delivered the judgment of the court.
Justices Wharton and Vaughan concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The circuit court did not err in denying the defendant's (third) motion for leave to file a successive postconviction petition, and any argument to the contrary would lack merit, and therefore the defendant's appointed appellate counsel is granted leave to withdraw, and the judgment of the circuit court is affirmed.

¶ 2     This is the seventh time that the defendant, Keith Buckles, has appealed to this court in this case. His six earlier appeals were wholly unsuccessful. As for the current appeal, the defendant's appointed counsel, the Office of the State Appellate Defender (OSAD), has concluded that it has no merit, and on that basis OSAD has filed a motion for leave to withdraw as counsel, along with a memorandum of law in support thereof. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). The defendant has filed a response. This court agrees that this appeal has no merit, and affirms the judgment of the circuit court.

1

¶ 3                                    BACKGROUND

¶ 4     In October 1994, a jury found the defendant guilty of four counts of armed robbery and three counts of solicitation of armed robbery. The State's theory was that the defendant was accountable for the actions of the perpetrators of those armed robberies, most prominently the defendant's teenaged son. In January 1995, the circuit court entered judgments of conviction on the four armed-robbery counts only. It imposed 25-year prison sentences for each of the four counts, with the sentences for the first two counts running concurrently, the sentence for the third count running consecutively to the first two sentences, and the sentence for the fourth count running consecutively to the sentence for the third count, for a total sentence of 75 years. The defendant continues to serve his sentences.

¶ 5     On direct appeal, the defendant chose to proceed *pro se*. He argued to this court (1) that the trial court abused its discretion in denying his petition for discharge for a violation of the speedy trial statute, (2) that he was not proven guilty beyond a reasonable doubt (*i.e.*, his convictions resulted from the testimony of accomplices, which was fraught with inconsistencies and otherwise suspect), (3) that the prosecutor misrepresented the facts in closing argument, and (4) that the sentence imposed was an abuse of discretion. This court rejected all four arguments, and affirmed the judgment of conviction. *People v. Buckles*, No. 5-95-0098 (Feb. 26, 1998) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6     In 1998, the defendant filed a *pro se* petition for postconviction relief. The circuit court summarily dismissed the petition as patently without merit. This court affirmed the dismissal. *People v. Buckles*, No. 5-99-0030 (Apr. 25, 2000) (unpublished order under Illinois Supreme Court Rule 23).

¶ 7    In 1999, the defendant filed a *pro se* petition seeking *habeas corpus* relief. The circuit court dismissed the petition. This court affirmed. *Buckles v. Cowan*, No. 5-00-0140 (Mar. 8, 2001) (unpublished order under Illinois Supreme Court Rule 23).

¶ 8    In 2006, the defendant filed a *pro se* petition for relief from a void judgment. See 735 ILCS 5/2-1401(f) (West 2002). The circuit court dismissed the petition as untimely. This court affirmed the judgment. *People v. Buckles*, No. 5-06-0550 (June 27, 2007) (unpublished order under Illinois Supreme Court Rule 23).

¶ 9    In 2009, the defendant filed *pro se* his first motion for leave to file a successive postconviction petition. The circuit court found that the defendant failed to meet the cause-and-prejudice test, and therefore it denied the motion. This court affirmed the denial order. *People v. Buckles*, No. 5-09-0251 (Nov. 3, 2010) (unpublished order under Illinois Supreme Court Rule 23).

¶ 10    In 2015, the defendant filed *pro se* his second motion for leave to file a successive postconviction petition. The circuit court denied the motion. This court affirmed. *People v. Buckles*, 2018 IL App (5th) 150340-U.

¶ 11    On July 25, 2016, the defendant filed *pro se* his third motion for leave to file a successive postconviction petition. He sought to excuse his late filing by explaining that he had received "Newly Discovered Evidence" from the Alton Police Department on July 11, 2016, in response to a Freedom of Information Act (FOIA) request; this evidence was "not available" to the defendant before or during his trial. The motion for leave stated that on April 21, 1994, two Alton police detectives interviewed 15-year-old Dart Hampton. The detectives read Hampton his rights, which he waived, and then interviewed him about a burglary at a Colonel Days store in Alton. Hampton's statement to police was used as the basis for (1) the arrest of accomplices Allen Tuggle and Mike Richards and (2) obtaining a search warrant for the defendant's residence. The search yielded a

3

sawed-off shotgun, which gave the police "cause to question [accomplices] Tuggle, Richards, [Shawn] Wolf, and [Lorenzo] Matthews" about then-recent robberies in the Alton area. "The entire statement of Dart Hampton," the defendant concluded, "was Illegally [*sic*] and it denied him and every one in his statement due process and the warrant falls under fruits of a poisonous tree: so do [*sic*] the arrest of the [defendant]." The defendant could have moved to suppress all of the evidence that was a fruit of Hampton's statement, if he had known of the statement, the defendant asserted.

¶ 12    On December 27, 2016, the defendant filed a *pro se* "motion to supplement leave and petition & to subpoena." Apparently, he was trying to supplement his July 25, 2016, motion for leave to file a successive petition. In his motion to supplement, the defendant stated that on November 10, 2016, he had obtained a copy of accomplice Lorenzo Matthews's written statement to police, and that Matthews's statement qualified as newly discovered evidence. According to the defendant, Matthews, who was 15 years old at the time, was unable to waive his right to an attorney or to choose to provide a statement. The statement itself, which was attached to the motion to supplement, was dated April 23, 1994; in it, Matthews described how he robbed various places under the supervision of the defendant, his father. However, on March 15, 2018, the defendant filed a "motion to amend" wherein he stated that Matthews's statement to police was not, in fact, newly discovered evidence, and that his trial counsel had the statement at the time of trial, but did not permit the defendant to see it.

¶ 13    After substantial delays, the circuit court, in late 2019, entered a written order denying the defendant's July 25, 2016, motion for leave to file a successive petition. The court found that the defendant had failed to satisfy the cause-and-prejudice test.

¶ 14    The defendant responded by filing a "motion for change of judge / motion for void judgment." The circuit court construed this document as a motion to reconsider its order denying the motion for leave to file a successive petition, and it denied the motion to reconsider. The defendant perfected the instant appeal.

¶ 15                                   ANALYSIS

¶ 16    This appeal is from the circuit court's order denying the defendant's third motion for leave to file a successive postconviction petition. Appellate review is *de novo*. *People v. Wrice*, 2012 IL 111860, ¶ 50.

¶ 17    As previously noted, the defendant's appointed attorney in this appeal, OSAD, has filed a *Finley* motion for leave to withdraw as counsel, along with a memorandum of law in support of the motion. In its memorandum, OSAD suggests (no fewer than) four potential issues on appeal. They are (1) "[w]hether the trial court's failure to enter an order denying [the defendant] leave to file the successive post-conviction petition within 90 days of submission of both the motion for leave and the successive petition requires that the successive petition be docketed for further consideration"; (2) whether the defendant established cause and prejudice; (3) whether the defendant set forth a claim that he had been deprived of the due process of law "where the State illegally took statements from juveniles and used those statements to gather evidence against him"; and (4) whether the defendant set forth a claim that the State, in violation of *Brady v. Maryland*, withheld evidence. This court considers the first issue separately, and the other three issues together.

¶ 18    First, the circuit court's failure to rule on the defendant's motion for leave to file a successive postconviction petition within 90 days after its being submitted does not require docketing the petition for further consideration. The Post-Conviction Hearing Act (Act) (725

5

ILCS 5/122-1 *et seq.* (West 2016)) generally contemplates the filing of only one postconviction petition; leave of court must be obtained before a second or successive petition can be filed. 725 ILCS 5/122-1(f) (West 2016); *People v. Pitsonbarger*, 205 Ill. 2d 444, 456 (2002). A court has 90 days in which to make its initial ruling on that first postconviction petition. See 725 ILCS 5/122-2.1(a) (West 2016). However, the 90-day timeframe has no applicability to the circuit court's ruling on a motion for leave to file a successive postconviction petition. The Act does not specify a timeframe in which the circuit court must grant or deny such a motion. Therefore, there was no error in the timing of the circuit court's denial of the defendant's motion for leave.

¶ 19    OSAD's remaining three issues relate to the specific claim that he sought to present in his successive petition. The defendant asserted that the State had withheld evidence of Dart Hampton's written statement to police, a statement that had resulted in the police discovery of various other pieces of evidence against the defendant. If the defendant had known of Hampton's statement, he maintained, he would have sought to suppress that statement, and all the fruits thereof, on the ground that Hampton's statement was illegally obtained. However, even if Hampton's statement was illegally obtained and kept secret from the defendant, there would be no basis for the defendant to seek its suppression. If the statement was illegally obtained, Hampton himself could have sought its suppression (if the occasion arose), but the defendant was in no position to seek the suppression of Hampton's statement or its fruits. He lacked standing to seek the suppression of another person's statement. See *Alderman v. United States*, 394 U.S. 165, 174 (1969) ("Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted."). Therefore, at a minimum, the defendant's motion for leave to file a successive petition failed to establish the prejudice prong of the cause-and-prejudice test.

6

¶ 20                              CONCLUSION

¶ 21    The circuit court did not err in denying the defendant's third motion for leave to file a successive postconviction petition. Any argument to the contrary would be without merit. Therefore, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.


¶ 22    Motion granted; judgment affirmed.